CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID B. SEARS, | ) |
|     Plaintiff, | ) Civil Action No. 7:14CV00036 |
| v. | ) **MEMORANDUM OPINION** |
| BARETTA FINANCIAL, | ) Hon. Glen E. Conrad |
|     Defendant. | ) Chief United States District Judge |

This case is presently before the court on plaintiff David B. Sears' motion for default judgment. For the reasons set forth below, the motion will be granted.

## Background

On January 23, 2014, Sears filed this action against Baretta Financial, a California corporation, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. On September 3, 2014, after being granted an extension of time in which to accomplish service of process, Sears served Baretta Financial through the Secretary of the Commonwealth of Virginia, pursuant to Virginia Code § 8.01-329. On October 29, 2014, the Clerk of the Secretary of the Commonwealth issued a Certificate of Compliance, which was filed with the court on November 14, 2014.

Despite being properly served, Baretta Financial failed to answer or otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure. On April 1, 2015, the Clerk filed an entry of default against Baretta Financial. Baretta Financial has not moved to set aside the entry of default, or otherwise appeared in any manner in this case. Sears has now moved for default judgment.

## Standard of Review

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. See Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006). Prior to entry of default judgment, there must be an entry of default. See Fed. R. Civ. P. 55(a). After default is entered by the Clerk, a party may move the court for default judgment under Rule 55(b).

Upon default, all of the well-pleaded facts alleged in the complaint may be taken as true. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (internal citation omitted); see also Fed. R. Civ. P. 8(b)(6). Accordingly, in the default judgment context, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999).

Although the well-pleaded factual allegations in a complaint are accepted as true for purposes of default judgment, a party who defaults does not admit the allegations as to the amount of damages. See Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). Consequently, if the court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2). The court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See Anderson, 155 F.3d at 507 (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing").

## Discussion

### I. Liability under the FDCPA

The FDCPA was enacted to protect consumers from abusive and deceptive practices by debt collectors, and to protect non-abusive debtor collectors from competitive disadvantage. United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). It is "a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." McLean v. Ray, 488 F. App'x 677, 682 (4th Cir. 2012). In order to establish a violation of the FDCPA, the plaintiff must prove: (1) that the defendant is a "debt collector" as defined by the FDCPA; (2) that the plaintiff has been the object of collection activity arising from a consumer debt; and (3) that the defendant has engaged in an action or omission prohibited by the FDCPA. Ruggia v. Wash. Mut., 719 F. Supp. 2d, 642, 647 (E.D. Va. 2010). "Because the FDCPA is a strict liability statute, a consumer need only prove one violation to trigger liability." Grant-Fletcher v. McMullen & Drury, P.A., 964 F. Supp. 2d 514, 521 (D. Md. 2013).

According to the complaint, Baretta Financial "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," and, thus, is a "debt collector" for purposes of the FDCPA. See 15 U.S.C. § 1692a(6). In October of 2013, Baretta Financial attempted to collect on a consumer debt that it claimed Sears owed in the amount of $28,646.97. Specifically, on or about October 30, 2013, Baretta Financial sent Sears a letter that was styled as a "LITIGATION NOTICE." Compl. Ex. B. Its subject line included "BARETTA FINANCIAL vs. DAVID SEARS" and "Case No. KL0000044110." Id. The letter stated that Sears had ignored previous attempts to resolve the matter and that a lawsuit may be the next step, "resulting in a judgment" against Sears. Id. It also stated that a judgment may be collected through wage garnishment, levy on bank accounts, or liens on real or personal property,

among other methods. The letter instructed Sears to contact Baretta Financial within ten days or litigation would be commenced.

Baretta Financial has not filed suit against Sears. Sears alleges that the statements in the letter regarding litigation were false, that Barretta Financial knew that they were false at the time the letter was sent, and that the statements were made with the intention of misleading Sears.

The court concludes that the allegations in the complaint establish that Baretta Financial violated the FDCPA. The FDCPA forbids the use of "any false, deceptive, or misleading representation or means" in debt collection, and provides a non-exhaustive list of prohibited conduct. 15 U.S.C. § 1692e. Such conduct includes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). This particular section is violated "if (1) a debtor would reasonably believe that the notice[] threaten[s] legal action; and (2) the debt collector does not intend to take legal action." Nat'l Fin. Servs., Inc., 98 F.3d at 135. Whether a communication violates this provision is determined from the vantage of the "least sophisticated consumer." Id. at 136; see also Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 394 (4th Cir. 2014).

In this case, the letter sent by Baretta Financial clearly threatened legal action. Not only was the letter styled as a "LITIGATION NOTICE" with the subject line "BARETTA FINANCIAL vs. DAVID SEARS," it specifically stated that litigation would be commenced if Sears did not contact the company within ten days. Upon reading the letter, the hypothetical least sophisticated consumer undoubtedly would interpret the letter as threatening legal action. See, e.g., Nat'l Fin. Servs., Inc., 98 F.3d at 136-37 (holding that collection notices threatened legal action where the notices indicated that the debtor's account would be referred to an attorney).

The allegations in the complaint further establish that Baretta Financial had no intention of taking legal action. Sears alleges that Baretta Financial has not filed suit against him, that the

4

company falsely represented in the letter that it would file suit, and that Baretta Financial knew that the representations were false at the time the letter was mailed. For these reasons, the court concludes that Sears has a established a violation of § 1692e(5).

## II. Requested Remedies

Having concluded that Sears has established a violation of the FDCPA, the court must determine the relief to which he is entitled. Sears specifically seeks to recover statutory damages, attorney's fees, and court costs.

Under 15 U.S.C. § 1692k(a)(2), an individual is entitled to recover statutory "damages as the court may allow, but not exceeding $1,000." In determining an appropriate amount of damages, the court must consider a number of factors, including the frequency and persistence of the debt collector's noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

Applying these factors, the court concludes that Sears is entitled to $1,000.00 in statutory damages. Although liability arises from a single letter, the allegations in the complaint establish that Baretta Financial's noncompliance was deliberate and intentional, and that the letter was drafted in a threatening manner. Accordingly, Baretta Financial will be ordered to pay $1,000.00 in statutory damages.

In addition to damages, the court may award "the costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3). Sears has submitted an affidavit from his attorney, Richard L. Greenberg, Esq., which indicates that Sears has incurred attorney's fees in the amount of $1,280.00. The affidavit also indicates that Sears has incurred costs in the amount of $460.00, which include the costs associated with filing the instant action. The court finds that the amount of the claimed attorney's fees is reasonable, and that the record supports awarding costs in

5

the amount requested by Sears. Accordingly, the judgment will include an award of attorney's fees and costs in the amount of $1,740.00.

## Conclusion

For the reasons stated, the court will grant Sears' motion for default judgment against Baretta Financial. Judgment will be entered in favor of Sears and against Baretta Financial in the amount of $2,740.00, which consists of $1,000.00 in statutory damages and $1,740.00 in attorney's fees and costs.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 3rd day of June, 2015.

*[signature]*
Chief United States District Judge